UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN BOUDREAUX                                                    CIVIL ACTION

VERSUS                                                              No. 14-1169

OS RESTAURANT SERVICES, L.L.C. ET AL.                               SECTION I

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendants, OS Restaurant Services, Inc., Outback Steakhouse of Florida, LLC, and OSF Louisiana Services, LTD (collectively, "defendants" or "Outback"), to dismiss the above-captioned matter. Plaintiff, Steven Boudreaux, has filed an opposition.[2] For the following reasons, the motion is **GRANTED**.

## BACKGROUND

The above-captioned matter arises out of plaintiff's termination from an Outback Steakhouse restaurant on or about May 24, 2013.[3] During his tenure with Outback, plaintiff signed an "Employment Agreement" containing a noncompetition clause, which plaintiff asserts is invalid.[4] Plaintiff's first lawsuit against defendants, filed in the 32nd District Court for the Parish of Terrebonne, State of Louisiana, on July 8, 2013, and removed to this Court on August

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 10.
[3] R. Doc. No. 1, ¶¶ 6-34.
[4] R. Doc. No. 1, ¶¶ 10, 25. The Employment Agreement states, in pertinent part:
> For a continuous period of two (2) years commencing on termination of the Employee's [Boudreaux's] employment with the Employer [Outback], regardless of any termination pursuant to Section 8 [for cause] or any voluntary termination or resignation by the Employee, the Employee shall not [be employed by or hold an interest in] any steakhouse restaurant . . . that is located or intended to be located anywhere within a radius of thirty (30) miles of any Outback Steakhouse® restaurant . . . or any proposed Outback Steakhouse® restaurant . . . .

R. Doc. No. 1-2, § 10(b) (emphasis omitted).

9, 2013, was dismissed on ripeness grounds for failure to present a justiciable case or controversy.[5] The instant lawsuit was filed on May 22, 2014.[6]

In counts 1 and 2 of the complaint, plaintiff seeks a declaratory judgment that the noncompetition agreement is invalid and an injunction that prohibits defendants from enforcing the Employment Agreement against him.[7] In light of a letter from defendants dated August 18, 2014,[8] in which defendants "irrevocably waive any rights they may possess to enforce the non-competition provision in [plaintiff's] employment agreement,"[9] plaintiff agrees that counts 1 and 2 of the complaint are moot and should be dismissed.[10]

Count 3 of the complaint seeks damages under a theory of intentional interference with contractual relations. Count 4 of the complaint seeks damages for defendants' alleged violations of the Louisiana Unfair Trade Practices Act ("LUTPA"). Defendant has moved to dismiss counts 3 and 4 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD OF LAW

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the U.S. Court of Appeals for the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167

---

[5] *Boudreaux v. OS Restaurant Servs., L.L.C.*, No. 13-5333, 2013 WL 5722714 (E.D. La. Oct. 21, 2013) (Africk, J.).
[6] *See* R. Doc. No. 1.
[7] R. Doc. No. 1, ¶¶ 35-47.
[8] R. Doc. No. 7-2.
[9] R. Doc. No. 7-2, at 2.
[10] R. Doc. No. 10, at 2.

2

L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## DISCUSSION

### A.  Count 3: Intentional Interference with Contractual Relations

In count 3 of the complaint, plaintiff alleges that he is entitled to damages under a theory of intentional interference with contractual relations.[11] Pursuant to Louisiana law, a limited cause of action for tortious interference with a contract exists. "Numerous cases in [the Fifth Circuit] and various Louisiana courts of appeal . . . have uniformly recognized the narrowness of Louisiana's tortious interference action." *Egrov, Puchinsky, Afanasiev & Juring v. Terriberry,*

---
[11] R. Doc. No. 1, ¶¶ 48-51.

*Carroll & Yancey*, 183 F.3d 453, 457 (5th Cir. 1999) (citing cases). The Louisiana Supreme Court has "recognize[d], as set forth particularly herein, only a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person." *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d 228, 234 (La. 1989).

The Louisiana Supreme Court has stated:

> For purposes of analysis, the action against a corporate officer for intentional and unjustified interference with contractual relations may be divided into separate elements: (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.

*Id.* "Louisiana courts and the Fifth Circuit have consistently refused to extend the action for tortious interference beyond the limited scope recognized in *Spurney*." *Harris Builders, L.L.C. v. URS Corp.*, 861 F. Supp. 2d 746, 751 (E.D. La. 2012) (Barbier, J.) (footnotes omitted) (collecting cases); *see also Petrohawk Properties, L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 396 (5th Cir. 2012) (refusing to certify a question to the Louisiana Supreme Court because *Spurney* is "a controlling opinion on the scope of the action for tortious interference with a contract").

The complaint does not contain sufficient allegations to meet the elements of this tort as stated in *Spurney*, 538 So. 2d at 234. An action under *Spurney* is directed "against a corporate officer," *id.*, but plaintiff has only sued the corporate entities themselves,[12] and the tortious interference action recognized in *Spurney* only extends to individual corporate officers.[13] *See*

---

[12] *See* R. Doc. No. 1, ¶ 2.
[13] Plaintiff relies on *Gearheard v. De Puy Orthopaedics, Inc.*, No. 99-1091, 2000 WL 533352 (E.D. La. Mar. 17, 2000) (Clement, J.), which examined the question of "what remedies are

4

*Petrohawk*, 689 F.3d at 395; *Mountain States Pipe & Supply Co. v. City of New Roads, Louisiana*, No. 12-2146, 2013 WL 3199724, at *5 (E.D. La. June 21, 2013) (Engelhardt, J.) (refusing to expand *Spurney* beyond claims against a corporate officer); *M&D Mineral Consultants, LLC v. Wenting Li*, No. 12-2082, 2013 WL 883689, at *3-4 (W.D. La. Mar. 7, 2013) (Walter, J.) (refusing to allow a *Spurney* claim against the manager of an LLC); *Harris Builders*, 861 F. Supp. 2d at 750-51; *Restivo v. Hanger Prosthetics & Orthotics, Inc.*, 483 F. Supp. 2d 521, 536 (E.D. La. 2007) (Duval, J.) ("[T]his cause of action cannot be maintained against a corporate entity defendant, thus, it cannot be maintained against Limbcare."); *Technical Control Sys., Inc. v. Green*, 809 So. 2d 1204, 1209 (La. App. 3 Cir. 2002) ("[W]e conclude that this doctrine should not be expanded to include corporate entity defendants."), *writ denied*, 817 So. 2d 100 (La. 2002); *see also Corley v. Se. Metals Mfg. Co.*, No. 10-786, 2011 WL 3665015, at *2-3 (W.D. La. Aug. 19, 2011) (Trimble, J.).

In sum, the Louisiana Supreme Court has recognized a cause of action for intentional interference with contractual relations only "against a corporate officer." *Spurney*, 538 So. 2d at 234. Plaintiff has not made any claim against any corporate officer or other individual, and he has only sued the Outback corporate entities.[14] Accordingly, plaintiff has failed to state a claim upon which relief can be granted in count 3 of his complaint.

---

available to an employee or independent contractor when his employer has attempted to bind him to an unenforceable covenant not to compete." *Id.* at *1. Although *Gearheard* stated that the Fifth Circuit has "rejected the defendant's more general proposition that the doctrine [in *Spurney*] only applies to a corporate officer," 2000 WL 53335, at *6, the case cited for that proposition appears to be more narrowly drawn. *See American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1390 (5th Cir. 1991) ("The requisite duty in *Spurney* arose out of a corporate officer's narrowly defined duty to those with whom his corporation contracts. The Louisiana courts have refused to find this duty, or obligation, in other circumstances, as discussed *supra*.").

[14] Defendants suggest that plaintiff "may have intended to plead a cause of action for a related claim, tortious interference with business relations." R. Doc. No. 7-1, at 7. Plaintiff does not

### B. Count 4: Louisiana Unfair Trade Practices Act ("LUTPA")

In count 4 of the complaint, plaintiff alleges that he is entitled to damages for violations of LUTPA.[15] Pursuant to LUTPA, "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice . . . , may bring an action . . . to recover actual damages." La. Rev. Stat. § 51:1409(A). LUTPA does not specifically define which actions constitute unfair or deceptive trade practices, but leaves this determination "to the courts to decide on a case-by-case basis." *Chem. Distribs., Inc. v. Exxon Corp.*, 1 F.3d 1478, 1485 (5th Cir. 1993).

"The courts have repeatedly held that, under this statute, the plaintiff must show the alleged conduct offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1059 (La. 2010) (alteration in original) (internal quotation marks omitted); *see also Chem. Distribs.*, 1 F.3d at 1485. "[O]nly egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct will be sanctioned based on LUTPA." *Cheramie*, 35 So. 3d at 1060; *see also Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993) ("Fraud, misrepresentation, deception, and similar conduct is prohibited; mere negligence is not."). "[T]he range of prohibited practices under LUTPA is extremely narrow [and] LUTPA does not prohibit sound business practices, the exercise of permissible business judgment, or appropriate free enterprise transactions." *Cheramie*, 35 So. 3d at 1060 (internal quotation marks omitted) (quoting *Turner*, 989 F.2d at 1422).

---

comment on defendant's suggestion, and the Court will not speculate as to what plaintiff may have intended to plead because, as ordered below, plaintiff has the opportunity to amend his complaint.

[15] R. Doc. No. 1, ¶¶ 52-55.

Defendants contend that count 4 should be dismissed pursuant to Rule 12(b)(6) because, "[a]s alleged in the Complaint, Defendants only took one action to enforce these clauses – they sent Plaintiff a form letter [on July 13, 2013][16] shortly after Plaintiff's termination in which they reminded Plaintiff that certain provisions of the employment agreement survived the termination of his employment. Sending this letter, however, is not the type of behavior LUTPA intends to prohibit."[17] Plaintiff responds that "it is quite clear from the record of this case . . . that sending the July 13, 2013 letter was not [defendants'] only action to enforce and/or protect its invalid noncompetition agreement, as Defendants opposed Plaintiff's original petition to declare it invalid, and never advised Plaintiff of [their] 'decision' not to enforce it until August 18, 2014."[18]

Plaintiff's reliance on "the record of this case"[19] is irrelevant for the purposes of defendant's Rule 12(b)(6) motion, as the Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. According to plaintiff's allegations as stated in the complaint, the only post-termination action taken by defendants was sending the July 13, 2013 letter informing plaintiff that "he remained 'subject to the confidentiality, non-competition and non-solicitation provisions of his Employment Agreement'" and that defendants "would be 'aggressive in enforcing [their] non-competition and confidentiality Agreements.'"[20] The complaint does not contain any allegations regarding the first lawsuit, and count 4 merely contains the conclusory allegation that "[d]efendants have engaged, and continue to engage, in unfair or deceptive practices or methods

---

[16] R. Doc. No. 1-5.
[17] R. Doc. No. 7-1, at 9; *see also* R. Doc. No. 1, ¶ 17.
[18] R. Doc. No. 10, at 13.
[19] R. Doc. No. 10, at 13.
[20] R. Doc. No. 1, ¶ 17. The complaint also contains extensive allegations regarding the history of plaintiff's employment with defendants. *See* R. Doc. No. 1, ¶¶ 6-16.

of competition by attempting to enforce the invalid and illegal non-competition, non-solicitation, choice of law, and forum selection provisions."[21]

The Court is not without sympathy for plaintiff, who alleges that he "has lost his livelihood and the financial means to support his family."[22] However, nothing in the complaint suggests that defendants engaged in "[f]raud, misrepresentation, deception, [or] similar conduct." *Turner*, 989 F.2d at 1422; *Cheramie*, 35 So. 3d at 1060. The complaint merely alleges that defendants advised plaintiff that they intended to enforce the noncompetition agreement, and plaintiff does not allege any illegal or impermissible motive or means of doing so.

The Court acknowledges that the plaintiff in *Gearheard* was allowed to proceed with a LUTPA claim. *Gearheard*, 2000 WL 533352, at *5, 8-9; *see also Corley*, 2011 WL 3665015, at *4-7;[23] *Landrum v. Bd. of Comm'rs of the Orleans Levee Dist.*, 685 So. 2d 382, 389 n.5 (La. App. 4 Cir. 1996) ("[T]he Supreme Court appears to have recognized that a breach of an employer's 'obligation not to enforce an illegal non-solicitation agreement against its employee' is actionable under this statute [LUTPA].") (citing dicta in *Preis v. Standard Coffee Service Co.*, 545 So. 2d 1010, 1013 (La. 1989)). However, whether an action constitutes an unfair or deceptive trade practice must be decided by the Court under the particular circumstances of each case. *See Turner*, 989 F.2d at 1422; *Cheramie*, 35 So. 3d at 1059. The Court does not hold that a plaintiff who claims damages from the attempted enforcement of an allegedly invalid noncompetition agreement may never adequately state a LUTPA claim, but only that plaintiff has not done so in his complaint.

---

[21] R. Doc. No. 1, ¶ 53.
[22] R. Doc. No. 1, ¶ 45.
[23] Plaintiff appears to make an argument that defendants could not have had a reasonable belief that the Employment Agreement's noncompetition clause was enforceable when it sent the July 13, 2013 letter, R. Doc. No. 10, at 12-13, but such an argument is not supported by allegations in the complaint.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that counts 1 and 2 are **DISMISSED** with consent of counsel.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint to address the deficiencies as to counts 3 and 4 no later than **Friday, October 10, 2014**. If plaintiff chooses not to amend one or both counts, such count(s) will be dismissed at that time.

New Orleans, Louisiana, September 30, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**